# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

HAMMOND RESIDENTIAL
WINNSTEAD APARTMENTS CSS
SERVICES, INC.,

    Plaintiff,

v.

QUANESHA COLEMAN and ALL
OTHER OCCUPANTS,

    Defendants.

1:17-cv-4423-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Linda T. Walker's Final Report and Recommendation [2] ("Final R&R"). The R&R recommends this action be remanded to the Magistrate Court of Clayton County.

## I. BACKGROUND

On October 11, 2017, Plaintiff Hammond Residential Winnstead Apartments CSS Services, Inc. ("Hammond Residential") initiated a dispossessory proceeding ("Complaint") against Defendants in the Magistrate Court of Clayton County, Georgia.[1] ([1.2] Notice of Removal at 5). The Complaint seeks possession of premises currently occupied by Defendants, plus past due rent, late fees and costs, totaling approximately $1,600.

---

[1] Case No. 2017CM24535.

On November 6, 2017, Defendant Quanesha Coleman ("Coleman"), proceeding *pro se*, removed the Clayton County action to this Court by filing her Notice of Removal and Application to Proceed *In Forma Pauperis* ("IFP Application"). Coleman claims in the Notice of Removal that "Respondent" violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and Rule 60 of the Federal Rules of Civil Procedure "having a legal duty to abort eviction pursuant to O.C.G.A. 51-1-6 [sic]," and the Due Process Clause of the Fourteenth Amendment." ([1.2] Notice of Removal at 3).

On February 28, 2018, Magistrate Judge Linda T. Walker granted Coleman's IFP Application and issued her Final R&R, recommending that this action be remanded pursuant to 28 U.S.C. § 1447(c) to the Magistrate Court of Clayton County for lack of subject matter jurisdiction. ([2]). No objections to the Final R&R have been filed.

**II.   ANALYSIS**

   A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).

Where, as here, no party objects to the R&R, the Court conducts a plain error review of the record. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

B. Discussion

The Magistrate Judge determined that the Complaint does not contain any federal claims, and removal based on federal question jurisdiction is improper. ([2] at 3). The Magistrate Judge also determined that Defendant failed to plead diversity jurisdiction s and that, even if alleged, diversity does not provide a proper basis for removal according to 28 U.S.C. § 1441(b)(2). (Id. at 4). The Magistrate Judge concluded that the Court lacks subject matter jurisdiction over this state dispossessory proceeding, and recommends the Court remand this action to the Magistrate Court of Clayton County. The Court finds no plain error in the Magistrate Judge's findings and recommendation, and this action is remanded. See Slay, 714 F.2d at 1095.

**III. CONCLUSION**

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Linda T. Walker's Final Report and Recommendation [2] is **ADOPTED**.

3

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Magistrate Court of Clayton County.

**SO ORDERED** this 22nd day of March 2018.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE